UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-80391-MIDDLEBROOKS

In re: DENNIS F. ROSEBROUGH,

Adv. Case No: 14-23771-EPK

Debtor,

DENNIS F. ROSEBROUGH and
BRETT ELAM

    Appellants,

v.

REGIONS BANK,

    Appellee.

_____/

## ORDER ON APPEAL OF BANKRUPTCY COURT ORDER

THIS CAUSE comes before the Court on Appeal of an Order of the United States Bankruptcy Court of the Southern District of Florida. Appellants Dennis F. Rosebrough ("Rosebrough") and Brett Elam ("Elam") seek review of the Bankruptcy Court's Order Granting Motion for Sanctions ("Order Granting Sanctions"). (DE 1 at 3-4). For the following reasons, the Order Granting Sanctions is affirmed.

### I. Background

Prior to the instant bankruptcy case, Appellee Regions Bank ("Regions Bank") brought a civil action against Rosebrough in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. In that case, on January 24, 2014, the Fifteenth Judicial Circuit awarded Regions Bank a Final Judgment against Rosebrough in the amount of $598,759.70. (DE 7-3 at 37). The Final Judgment was based on Rosebrough's personal guaranty of a debt incurred by Rosebrough's company, Portable Medical Diagnostics ("PMD"). (DE 16 at 9; DE 22 at 6). After the Final

Judgment was entered, but before the instant bankruptcy, PMD filed for bankruptcy under Chapter 11. (DE 16 at 9; DE 22 at 6).

On June 16, 2014, Rosebrough initiated personal bankruptcy proceedings (the "Rosebrough Bankruptcy"), by filing a Petition for Voluntary Bankruptcy under Chapter 13 (the "Petition"). (DE 7-1 at 17-18). Elam represented Rosebrough during the Rosebrough Bankruptcy. Pursuant to the Petition, Rosebrough filed Schedules with the Bankruptcy Court on July 15, 2014. (DE 7-3 at 16). In Schedule F, Rosebrough listed the debt to Regions Bank based on the Final Judgment and labeled it as "contingent." (DE 7-3 at 10).

On July 17, 2014, Regions Bank filed a Motion for Sanctions Under Federal Rule of Bankruptcy 9011 ("Motion for Sanctions") against Elam, arguing Rosebrough's Petition contained "multiple representations known to be false, knowing that [Rosebrough] is ineligible for relief under Chapter 13." (DE 7-3 at 31). Specifically, Regions Bank contended that—due to the amount Rosebrough owed Regions Bank pursuant to the Final Judgment—Rosebrough knew he was ineligible for Chapter 13. (*Id.*) On the same day, Regions Bank moved to dismiss the Petition. (DE 7-1 at 15). The Bankruptcy Court converted the case from a Chapter 13 to a Chapter 11 on October 20, 2014 (DE 7-1 at 11), and dismissed the case on December 15, 2014. (DE 7-1 at 8).

The Bankruptcy Court held a hearing on February 10, 2015, to determine Regions Bank's pending Motion for Sanctions. (DE 1 at 4). On March 9, 2015, the Bankruptcy Court entered the Order Granting Sanctions, granting Regions Bank's Motion for Sanctions. (DE 1 at 3). The Bankruptcy Court stated:

> For the reasons stated on the record at the hearing on February 10, 2015, [Rosebrough and Elam] will be ordered to pay the [Regions Bank]'s reasonable fees and costs in connection with the debtor's chapter 13 case . . . . The Court finds that the fees and costs enumerated in the [Region Bank]'s affidavits . . . are reasonable under the circumstances. The Court specifically finds that the fees

2

>stated therein represent a reasonable amount of time expended for the necessary work and using hourly rates that are reasonable under the circumstances of this case.

(DE 1 at 4).[1]

On March 25, 2015, Appellants filed a Notice of Appeal, indicating they were seeking this Court's review of the Order Granting Sanctions. (DE 1).[2] Appellants filed their Initial Brief on June 25, 2015. (DE 16). Regions Bank filed its Answer Brief on August 24, 2015. (DE 22). Appellants did not reply.

Appellants seek review of four issues: (1) whether Elam lacked a legal basis when categorizing the debt based on the Final Judgment as "contingent" in the Chapter 13 Schedules; (2) whether Elam's decision to categorize the debt as "contingent" in the Chapter 13 proceeding was frivolous; (3) whether Elam violated Federal Rule of Bankruptcy Procedure 9011; and (4) whether the amount of fees was reasonable. (DE 7-2).

**II. Jurisdiction**

The Parties do not dispute that this Court has jurisdiction to hear the appeal from the Bankruptcy Court (DE 16 at 6; DE 22). However, I must consider jurisdiction "even if it means raising the issue *sua sponte*." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). A district court has jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). "In short, the same concepts of finality apply in bankruptcy as in any other case, but they are applied to the discrete controversies within the administration of the

---

[1] Appellants have not included a transcript of the February 10, 2015 hearing in any of their filings or designations. *See* (DE 1; DE 2; DE 7; DE 9; DE 11; DE 12; DE 14; DE 16).

[2] On April 9, 2015, the Bankruptcy Court originally dismissed the appeal for failure to timely file a statement of issues on appeal. (DE 5 at 2). This dismissal was later vacated by the Bakruptcy Court on April 27, 2015. (DE 6).

3

estate; 'the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do.'" *Id.* at 1137 (quoting *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985)).

Here, Appellants seek review of an imposition of sanctions, which occurred after the Rosebrough Bankruptcy had been dismissed. The Order Granting Sanctions was a final, appealable order. *See In re Miller*, 414 F. App'x 214, 217 (11th Cir. 2011) (entertaining appeal of post-judgment order granting sanctions).

### III. Legal Standard

"Federal Rule of Bankruptcy Procedure 9011—bankruptcy's analogue to Civil Rule 11—authorizes the court to impose sanctions for bad-faith litigation conduct, which may include 'an order directing payment . . . of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.'" *Law v. Siegel*, 134 S. Ct. 1188, 1198 (2014) (quoting Fed. R. Bankr. P. 9011(c)(2)).

When reviewing a bankruptcy court's award of sanctions, the district court reviews the "bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013).

### IV. Analysis

In its Answer Brief, Regions Bank contends that the record on appeal is insufficient. Specifically, Regions Bank argues that "[b]ecause the record in the instant appeal does not include the transcript of the February 10, 2015 hearing," I cannot determine "either: (a) what arguments were made by Appellants' counsel below, or (b) the lower court's bases for its entry of the Order on appeal." (DE 22 at 8). Appellants did not file a Reply Brief.

The appellant has "the burden of ensuring that the record on appeal—including the appropriate transcripts—is provided to this Court." *Simpson v. Florida Dep't of Corr.*, 134 F.

4

App'x 303, 304 (11th Cir. 2005) (citing Fed. R. App. P. 10(b)). In this case, the Bankruptcy Court stated that it was imposing sanctions based on the "reasons stated on the record at the hearing on February 10, 2015." (DE 1 at 4). Although it appears Elam ordered a transcript of the February 10 Hearing,[3] he never filed that transcript in this Court. Without a transcript of that hearing, I do not know the reasons for which the Bankruptcy Court sanctioned Appellants, and I have no basis to reverse that decision. Accordingly, the Order Granting Sanctions is affirmed.

### V. Attorneys' Fees

Also before this Court is Regions Bank's Motion for Attorneys' Fees, filed August 24, 2015. (DE 23). Regions Bank contends that "[f]or the reasons set forth in [its] Answer Brief," the instant appeal is frivolous. (*Id.* at 1-2). As the record is incomplete, I am unable to review the Bankruptcy Court's determination of sanctions. Without a complete record, I do not find the award of attorneys' fees and costs appropriate at this time. Regions Bank is, however, welcome to supplement the record and renew its Motion for Attorneys' fees. Accordingly,

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order Granting Sanctions is **AFFIRMED**. Appellant Regions Bank's Motion for Attorneys' Fees (DE 23) is **DENIED**.[4] The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**SO ORDERED** in Chambers in West Palm Beach, Florida, this ___ day of February, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[3] The only reference to the transcript in the Bankruptcy Court docket is a transcript request form filed April 13, 2015. *In re Rosebrough*, 14-23771-EPK (DE 115).

[4] Regions Bank may file a Renewed Motion for Attorneys' Fees within ten days of this Order.

5